IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**FILED**
JAMES J. VILT, JR. - CLERK
APR 25 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

HUMANA HEALTH PLAN, INC.; HUMANA INSURANCE COMPANY; and HUMANA PHARMACY SOLUTIONS, INC.;

    Petitioners,

v.

RITE AID HDQTRS. CORP. and RITE AID CORPORATION,

    Respondents.

CASE NO. 3:22-cv-226-DJH

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioners Humana Health Plan, Inc.; Humana Insurance Company; and Humana Pharmacy Solutions, Inc. (collectively, "Humana"), by and through their undersigned counsel, as and for their Petition to Confirm Arbitration Award state and allege as follows:

### PRELIMINARY STATEMENT

1.    This Petition is brought pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Petitioners seek to have this Honorable Court (1) confirm, in its entirety, the Opinion and Final Award rendered by the Honorable Timothy K. Lewis (Ret.)[1] ("the Arbitrator") of the

---

[1] Judge Lewis served on the U.S. Court of Appeals for the Third Circuit. He served as a federal district judge on the U.S. District Court for the Western District of Pennsylvania until President George H. W. Bush appointed him to the Court of Appeals in 1992. At the time of both appointments he was the youngest federal judge in the United States. Before his appointment to

1

American Arbitration Association ("AAA") in Case No. 01-19-0000-4057 on April 22, 2022 against Respondents Rite Aid Hdqtrs. Corp. and Rite Aid Corporation ("Award"); and (2) enter judgment in accordance with the Award, including an award of pre- and post-judgment interest.

2.  At its core, the arbitration concerned Rite Aid's obligation to accurately report to Humana—as required under their contracts and by law—the "usual and customary" ("U&C") prices Rite Aid charged to its cash customers for prescription drugs. Humana's arbitration demand alleged that retail pharmacies owned and operated by Rite Aid wrongfully overcharged Humana for pharmaceutical drugs dispensed to individuals covered by Humana insurance policies. Rite Aid denied these allegations.

3.  The Arbitrator found that Rite Aid breached its contracts with Humana when Rite Aid knowingly manipulated its U&C prices—the key reimbursement pricing metric under Humana's contracts with Rite Aid—and reported falsely-inflated U&C prices by excluding the discounted prices it made widely and consistently available to customers paying for prescriptions without using insurance (*i.e.*, "cash customers").

4.  The Arbitrator explained in a reasoned opinion the factual and legal bases for his Award. A copy of the confidential Award is being provisionally filed under seal pursuant to Local Rule 5.6 and Joint General Order 21-1, § 8, with an accompanying motion to seal.[2] To inform his Award, the Arbitrator relied on legal arguments contained in the parties' post-hearing briefing, testimony from both parties' fact and expert witnesses, internal regular-course documents, and

---

the federal bench, Judge Lewis served as an Assistant U.S. Attorney for the Western District of Pennsylvania and as an Assistant District Attorney in Allegheny County, Pennsylvania.

[2] Humana is filing the motion to seal and provisionally sealed exhibits contemporaneously with the petition.

legal precedent—including uniform authority from the United States Court of Appeals—demonstrating why Humana should prevail on its legal claims.

5.    The FAA provides this Court with authority to enter an order and judgment based on the Award. 9 U.S.C. § 9. In a confirmation proceeding like this one, it is well-established that the FAA "presumes that arbitration awards will be confirmed." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000); *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."). The exclusive means for vacating an arbitration award under the FAA are those very limited exceptions stated in 9 U.S.C. § 10. *Id.* at 578. None of those bases for vacating the Award apply at all here. The FAA entitles Humana to prompt confirmation of the Award.

## THE PARTIES

**A.   Petitioners**

6.    Petitioner Humana Health Plan, Inc. ("HHP") is a health maintenance organization that provides health insurance coverage, including prescription coverage. HHP is incorporated in Kentucky.

7.    Petitioner Humana Insurance Company ("HIC") is an insurance company that provides health insurance coverage, including prescription coverage. HIC is incorporated in Wisconsin.

8.    Petitioner Humana Pharmacy Solutions, Inc. ("HPS") is Humana's internal pharmacy benefits manager, and it manages Humana's pharmacy benefits offered across a network of more than 60,000 pharmacies. HPS is incorporated in Kentucky.

9.    HHP, HIC, and HPS each maintain a corporate headquarters in Louisville, Kentucky, and are collectively referred to herein as "Humana."

10. Humana is a Medicare Part D Sponsor. HHP and HIC offer at least one type of Medicare plan in each of the 50 states, including individual and Group Medicare Advantage plans and standalone Medicare Part D prescription drug plans.

**B.    Respondents**

11. Respondent Rite Aid Hdqtrs. Corp. is a Delaware corporation. Respondent Rite Aid Corporation is Rite Aid Hdqtrs. Corp.'s corporate parent, and is also incorporated in Delaware. The Respondents share the same corporate headquarters in Camp Hill, Pennsylvania, and are collective referred to herein as "Rite Aid."

12. Rite Aid owns and operates retail pharmacies across the United States.

13. As of 2021, Rite Aid operated 2,510 retail locations in the United States, and its annual operating revenue exceeded $24 billion. Rite Aid Corporation Form 10-K for Fiscal Year Ended 2/27/2021 (April 27, 2021), at 40, 46.

14. Rite Aid is a Humana network pharmacy, meaning that Humana's insured members can use their Humana prescription drug benefit to fill prescriptions at Rite Aid pharmacy locations. When a Rite Aid pharmacy dispenses a prescription to a Humana member, Rite Aid then sends Humana an electronic claim for reimbursement which Humana pays pursuant to the contract.

## JURISDICTION AND VENUE

15. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil matter between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. The Court will have jurisdiction over the Respondents because they will have been duly served with process in accordance with 9 U.S.C. § 9 (or will have agreed to waive such service).

17. This Court is the appropriate venue to confirm the Award pursuant to Article 12.6 of the parties' contracts and 9 U.S.C. § 9. This arbitration proceeding occurred in Louisville, Kentucky as set forth in the Arbitrator's Memorandum of Decision Regarding Choice of Law and Venue and accompanying Order ("Decision on COL & Venue") (February 14, 2020) (attached as **Exhibit B**), at 3-5.

## STATEMENT OF FACTS

### A. The Allegations in the Arbitration Demand

18. Humana claimed that Rite Aid breached the terms of two National/Regional Chain Pharmacy Provider Agreements, committed fraud, and made negligent misrepresentations by falsely inflating millions of pharmacy reimbursement claims by manipulating the "usual and customary" payment metric in the parties' agreements, which resulted in overcharges to Humana.

19. Rite Aid disputed Humana's claims.

### B. The Contractual Relationship between Humana and Rite Aid

20. Two negotiated contracts are relevant to the parties' dispute in this matter: A 2008 National/Regional Chain Pharmacy Provider Agreement (the "2008 Contract"), with an effective date of April 1, 2008; and a 2013 National/Regional Chain Pharmacy Provider Agreement (the "2013 Contract"), with an effective date of January 1, 2014 (collectively, the "Contracts"). The 2008 Contract is attached as **Exhibit C**. The 2013 Contract is attached as **Exhibit D**.

21. The 2008 Contract contained a Kentucky choice of law provision, while the 2013 Contract provides that Pennsylvania law applied. For the principal material contract terms that were at issue in the arbitration, including the Contracts' reimbursement terms and regulatory provisions, the two Contracts impose the same obligations on the parties.

22. In Article 12 of both of the Contracts, the parties agreed to submit any disputes

arising from or relating to the Contracts or their business relationship to binding arbitration under the Commercial Arbitration Rules of the AAA.

23. The 2008 Contract provides that "Judgment upon the award rendered in any such arbitration may be entered in any court of competent jurisdiction sitting in Louisville, Kentucky or application may be made to such court for judicial acceptance and enforcement of the award, as applicable law may require or allow."

24. The 2013 Contract's arbitration agreement further emphasizes that such arbitration would be "final and binding." The 2013 Contract also provides that the parties' agreement to arbitrate "is subject to, and shall be interpreted in accordance with, the Federal Arbitration Act, 9 U.S.C. §§ 1-14."

C. **The Arbitration Process and Award**

25. On February 6, 2019, Humana filed a Demand for Arbitration to initiate an arbitration proceeding with AAA. The Demand asserted causes of action against Rite Aid for (1) breach of contract; (2) fraud; (3) negligent misrepresentation; and (4) unjust enrichment.

26. On June 6, 2019, the Parties selected the Honorable Timothy K. Lewis (Ret.) as the sole arbitrator, and the AAA confirmed the appointment of Judge Lewis on June 10, 2019. *See* Notice from AAA Confirming Appointment of Arbitrator Lewis (attached as **Exhibit E**).

27. On February 22, 2019, Rite Aid filed an Answering Statement denying the allegations and asserting various affirmative defenses.

28. The Arbitrator thereafter oversaw more than a year of discovery, which included the exchange of thousands of regular-course documents, production of hundreds of millions of lines of claims data, the exchange of expert reports, and depositions of fact and expert witnesses.

29. From November 1 to November 11, 2021, the Arbitrator presided over a nine-day

evidentiary hearing in this matter. During that hearing, the Arbitrator heard testimony from eight Humana fact witnesses, seven Rite Aid fact witnesses, four Humana expert witnesses, and four Rite Aid expert witnesses.

30. After the evidentiary hearing, the parties submitted over 600 pages of briefing, including proposed Findings of Fact and Conclusions of Law. The Arbitrator presided over five hours of closing arguments on February 11, 2022

31. On April 22, 2022, the Arbitrator issued the Award in favor of Humana, and provided a 49-page reasoned opinion explaining the factual and legal bases for the Award. *See generally* **Exhibit A**.

32. The Arbitrator found that Rite Aid breached the Contracts by submitting U&C prices that excluded its RSP discount program prices. As a result, the Arbitrator determined that Humana was overcharged for prescription drugs and awarded Humana a specific dollar damages amount that exceeds the jurisdictional threshold of this Court, and prejudgment interest that had accrued as of November 1, 2022 – the first day of the arbitration hearing.

**COUNT 1 – CONFIRMATION OF AWARD AND ENTRY OF JUDGMENT**

33. Petitioners incorporate by reference and repeat the allegations set forth in Paragraphs 1 through 32 above.

34. Petitioners have a statutory right to an order confirming the Award in its entirety pursuant to 9 U.S.C. § 9.

35. The parties agreed to arbitrate disputes arising out of and relating to their business relationship.

36. The AAA Arbitrator ruled that Louisville, Kentucky was the venue of this arbitration proceeding.

37. The parties agreed in their Contracts that judgment upon the Arbitrator's decision and award may be entered in any court having jurisdiction, and the jurisdictional requirements have been satisfied.

38. The Respondents have been duly served with process in accordance with 9 U.S.C. § 9.

39. There are no legally cognizable grounds upon which the Award may be vacated, modified, or otherwise challenged, or upon which recognition and enforcement of the award may be refused.

## RELIEF REQUESTED

40. WHEREFORE, Humana respectfully request the Court grant the following relief:

   (a) An Order pursuant to 9 U.S.C. § 9 confirming in its entirety, without change or modification, the Award issued by the AAA Arbitrator, the Honorable Timothy K. Lewis (Ret.), attached hereto as **Exhibit A**;

   (b) A Judgment in accordance with the Award pursuant to 9 U.S.C. § 13;

   (c) An award of prejudgment interest under applicable law, including additional prejudgment interest that has accrued since November 1, 2022;

   (d) An Order that post-judgment interest under applicable law will begin accruing upon this Court entering the Judgment requested in paragraph 40(b) above;

   (e) Costs of this application and of all proceedings subsequent thereto, including reasonable attorneys' fees; and

   (f) Such other and further relief to which Petitioners may be entitled.

|                          |                                                    |
|--------------------------|----------------------------------------------------|
| Dated:  April 25, 2022   | Respectfully submitted                             |

/s/ Michael P. Abate
Michael P. Abate (Ky. Bar No. 95259)
**KAPLAN JOHNSON ABATE & BIRD LLP**
710 West Main Street
Louisville, KY 40202
(502) 540-8280
mabate@kaplanjohnsonlaw.com

Keith J. Harrison*
Preston L. Pugh*
Kelly Hightower Hibbert*
Justin D. Kingsolver*
Michael H. Pine*
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2500
KHarrison@crowell.com

   * *Pro hac vice* applications forthcoming

*Attorneys for Petitioners*