IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| HUMANA HEALTH PLAN, INC.; HUMANA INSURANCE COMPANY; and HUMANA PHARMACY SOLUTIONS, INC.; <br><br> Petitioners, <br><br> v. <br><br> RITE AID HDQTRS. CORP. and RITE AID CORPORATION, <br><br> Respondents. | CASE NO. 3:22-cv-00226-DJH |

### HUMANA'S OPPOSITION IN RESPONSE TO RITE AID'S EXPEDITED MOTION FOR AN EXTENSION OF TIME TO RESPOND, ENTRY OF BRIEFING SCHEDULE, EXPANSION OF PAGE LIMIT, AND INITIAL CONFERENCE

Petitioners Humana Health Plan, Inc.; Humana Insurance Company; and Humana Pharmacy Solutions, Inc. (collectively, "Humana") oppose Respondents Rite Aid Hdqtrs. Corp. and Rite Aid Corporation's (collectively, "Rite Aid") motion to extend time to respond to Humana's Petition to Confirm Arbitration Award ("Petition").

Parties choose to arbitrate disputes "because they want quick and final resolution of their disputes." *Florasynth, Inc. v. Pickholtz*, 750 F.2d 171, 177 (2d Cir. 1984). Humana and Rite Aid agreed to submit any disputes arising from their contracts to "binding and final" arbitration under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), which Rite Aid agreed would be conducted in accordance with the Federal Arbitration Act ("FAA"). Public policy favors arbitration as an efficient and expedited final resolution of business disputes.

1

Over three years ago, in February 2019, Humana filed a AAA Demand for Arbitration against Rite Aid asserting several causes of action for Rite Aid's unlawful reporting of its "usual and customary" prices. The parties jointly selected the Honorable Timothy K. Lewis (Ret.) as the sole arbitrator (the "Arbitrator"). After more than a year of discovery, an exhaustive record, and nine days of hearing testimony, the Arbitrator issued a final award on April 22, 2022 in Humana's favor that found Rite Aid breached its contracts with Humana (the "Award"). The Arbitrator issued a 49-page reasoned opinion explaining the factual and legal bases for the Award. The Award relied upon legal arguments contained in both parties' post-hearing briefing, testimony from both parties' fact and expert witnesses, internal regular-course documents, and legal precedent—including uniform authority from the United States Court of Appeals—demonstrating why Humana should prevail on its legal claims.

After all that, Rite Aid now seeks to relitigate the arbitration in this Court. Rite Aid asserts that it needs 60 days and 50 pages to respond to Humana's Petition because it "is still in the process of analyzing all of the legal and factual errors" contained in the Award that require vacatur of the Award. *See* Rite Aid's Expedited Motion for an Extension of Time to Respond, Entry of Briefing Schedule, Expansion of Page Limit, and Initial Conference ("Motion") at 6, 9. However, federal courts "cannot relitigate the merits" of an arbitrator's legal finding "regardless of whether the arbitrator reached the correct decision." *QAD, Inc. v. Block & Co., Inc.*, 2022 WL 1211302, at *4 (D. Del. Apr. 25, 2022). "Legal and factual errors" are not the standard for vacating an arbitration award, and therefore, are not sufficient to warrant an extended briefing schedule. The exclusive means for vacating an arbitration award under the FAA are those extraordinarily limited exceptions stated in 9 U.S.C. § 10, and none apply at all here. The FAA entitles Humana to prompt confirmation of the Award. Rite Aid's Motion should be denied.

**ARGUMENT**

I. **THE FEDERAL ARBITRATION ACT AUTHORIZES A NARROW AND EXPEDITED REVIEW.**

Humana's Petition to confirm the Award is brought pursuant to the FAA, 9 U.S.C. § 9. The Supreme Court has held that the FAA provides for "expedited judicial review to confirm, vacate, or modify arbitration awards" that seeks to prevent a "cumbersome and time-consuming judicial review process." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578-88 (2008) (describing FAA's enforcement provisions "as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway"). That is why, in a confirmation proceeding, it is well-established that the FAA "presumes that arbitration awards will be confirmed." *Nat'l Water Svcs., LLC v. ACC Constr. Co., Inc.*, 2017 WL 2239973, *1 (W.D. Ky. May 22, 2017) (Hale, J.) (quoting *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000)); *see also Hall St. Assocs.*, 552 U.S. at 587 ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."). The FAA entitles Humana to prompt confirmation of the Award.

The FAA provides only four explicitly enumerated and narrowly tailored means for vacating an arbitration award. 9 U.S.C. § 10. Rite Aid did not state in its Motion that any of these bases (fraud or corruption, evident impartiality, misconduct, or exceeding the arbitrator's powers) exist. And they do not.

To seek extra time, Rite Aid invents a new standard – that it apparently is "obligated to fully brief all of its procedural and legal objections" to the Award. *See* Motion at 2. Such "objections" are immaterial. The limited judicial review authorized by the FAA "affords great deference to an arbitrator's award and examines such awards using a standard that screens for

3

procedural aberrations." *Int'l Brotherhood of Elec. Workers, AFL-CIO, Local Union NO. 369 v. ADT, LLC*, 2020 WL 6324320, *3 (W.D. Ky Oct. 28, 2020) (Hale J.) (internal quotations removed) (holding that so long as the arbitrator is "even arguably construing or applying the contract, [the Court] will uphold the decision.") (quoting *Zeon Chems., L.P. v. United Food & Com. Workers, Loc. 72D*, 949 F.3d 980, 983 (6th Cir. 2020)). Rite Aid need only brief extreme procedural aberrations that rise to the standard for vacatur outlined by 9 U.S.C. § 10 (namely fraud or corruption, evident impartiality, refusal to hear pertinent and material evidence or exceeding the arbitrator's powers). But Rite Aid's primary argument for more time and more pages – that is, that the record that they helped create is so voluminous that it will take them months to review it (Motion at 2) – shows that there were no procedural aberrations here.

Rite Aid has made its goal apparent. Rite Aid seeks to further delay and relitigate this arbitration, which was a three-year arbitration process culminating in a two-week trial, in which more than 23 witnesses testified, a 3,000-page transcript was generated, 600 pages of post-hearing submissions were filed, and which culminated in a 49-page opinion by the Hon. Timothy K. Lewis, a highly-respected former Assistant U.S. Attorney and federal district and appellate court judge. Rite Aid should not be given license to re-try this case.

## II. RITE AID OFFERS NO DEFENSIBLE REASON TO DEPART FROM THE FAA'S PRESUMPTION OF AN EXPEDITED REVIEW PERIOD.

Rite Aid provides two reasons to depart from the FAA's presumption of an expedited review period. First, Rite Aid points to the purported burden of a lengthy, well-informed trial, which resulted in a lengthy, well-informed Award. However, this argument fails. As explained above, Rite Aid is not entitled to relitigate the merits of the Arbitrator's legal findings.

Rite Aid's second, but equally meritless argument, relies on a fundamental misunderstanding of the law. Rite Aid incorrectly asserts that under the FAA, it would have been

entitled to 90 days to prepare its vacatur motion, citing the FAA's 90-day statute of limitations. Motion at 4. Rite Aid asks this court to grant it sixty more days to prepare its flawed vacatur petition because, it suggests, Humana moved too quickly to confirm this presumptively-valid arbitration award. But the caselaw cited in Rite Aid's Motion fully rebuts this argument:

> [T]he FAA does not impose an automatic three-month stay on confirmation. Instead, the statute explicitly authorizes a party to file a motion to confirm at any time during the year immediately following an arbitration award. This timeline does not change based on whether a losing party intends to challenge an award by filing its own motion. . . .
>
> Nothing in the statute prevents a party from moving for confirmation of an award within three months of that award or mandates that a district court wait to rule on such a motion because another party may file a motion to vacate. And, as we have already explained, a party may raise the grounds under Section 10 and Section 11 as defenses to a motion to confirm an arbitration award so long as those defenses are timely under the statute and any scheduling order. . . . In short, nothing in the FAA required [the prevailing party] to wait to file their motion to confirm until after [the losing party] filed its motion to vacate, modify, or correct. The district court correctly rejected [the losing party]'s procedural argument and granted the motion to confirm.

*McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1240-41 (11th Cir. 2021). A "party's motion to confirm an arbitration award imposes on the other party an obligation to move to vacate if he intends to do so." *Florasynth*, 750 F.2d at 174. And because arbitration is "a mechanism for speedy dispute resolution," delayed challenges to the validity of an award are disfavored. *Id.* at 177. Although Rite Aid may have had 90 days to petition to vacate absent Humana's petition to confirm, the law is clear that Humana had every right to move to confirm the Award immediately and to proceed on the default timeline for an efficient confirmation.

Despite a legally-recognized right to an efficient and swift process, as the Motion notes, Humana offered to extend the briefing schedule from 21 days to 30 days. Dkt. No. 16, Exh. B. Humana sought to accommodate requests by opposing counsel regarding a pre-planned vacation, even though opposing counsel was unwilling to accommodate Humana's request to waive formal

Marshal Service as contemplated by the FAA until after Humana spent time and resources preparing a motion for Marshal Service. Dkt. No. 20. As Rite Aid identified in its Motion, each party was amendable to minimal filing extensions during the post-hearing briefing. Dkt. No. 16, Exh. A. The parties should proceed on this timeline.

### III. RITE AID FACES NO PREJUDICE UNDER THE EXPANDED TIMELINE OFFERED BY HUMANA OR PAGE LIMIT CONTEMPLATED BY THE LOCAL RULES OF THE WESTERN DISTRICT OF KENTUCKY.

Finally, Rite Aid faces no prejudice by the 21-day timeline for motions practice required by the Local Rules of this Court (or the expanded 30-day timeline offered by Humana). Rite Aid's counsel has not changed, so they are well familiar with the record that they have participated in creating. Moreover, Rite Aid seeks 50 pages to respond to Humana's Petition and support its cross motion. *See* Motion at 6, 9. Rite Aid makes this request to file a "single combined brief" by combining the page limits for an opposition motion and moving brief. *Id.* Local Rule 7.1(d), which provides for a 25-page limit, should be enforced upon Rite Aid's response and counter motion for vacatur. But there is no reason for the response to the Petition to be substantively different from the motion to vacate the award. Therefore, Rite Aid does not need more space to make the same arguments twice or to make the same arguments twice as long. Rite Aid does not provide any reason this approach is prejudicial when both motions address the same issues. "[A] party may raise the grounds under Section 10 and Section 11 as defenses to a motion to confirm an arbitration award." *McLaurin*, 13 F.4th at 1241.

### CONCLUSION

For the reasons set forth herein, Humana respectfully requests the Court deny Rite Aid's Motion to extend the briefing schedule and expansion of the page limit for its response. In the alternative, Humana requests an order providing Rite Aid with 30 days to respond, as originally

6

proposed by Humana, and thereafter providing Humana with 30 days to respond to Rite Aid's Petition to Vacate. The replies and page limits should remain consistent with local rules.

Dated: May 6, 2022                    Respectfully submitted

                                                    */s/ Michael P. Abate*
                                                    Michael P. Abate (Ky. Bar No. 95259)
                                                    **KAPLAN JOHNSON ABATE & BIRD LLP**
                                                    710 West Main Street
                                                    Louisville, KY 40202
                                                    (502) 540-8280
                                                    mabate@kaplanjohnsonlaw.com

                                                    Keith J. Harrison (*pro hac vice*)
                                                    Preston L. Pugh (*pro hac vice*)
                                                    Kelly Hightower Hibbert (*pro hac vice*)
                                                    Justin D. Kingsolver (*pro hac vice*)
                                                    Michael H. Pine (*pro hac vice*)
                                                    **CROWELL & MORING LLP**
                                                    1001 Pennsylvania Avenue, NW
                                                    Washington, DC 20004
                                                    (202) 624-2500
                                                    KHarrison@crowell.com

                                                    *Attorneys for Petitioners*