UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00226-DJH-CHL

**HUMANA HEALTH PLAN, INC., et al.,**                                                         Petitioners,

v.

**RITE AID HDQTRS. CORP., et al.,**                                                          Respondents.

## ORDER

Petitioners Humana Health Plan, Inc.; Humana Insurance Company; and Humana Pharmacy Solutions, Inc. (collectively "Humana") and Respondents Rite Aid Hdqtrs. Corp. and Rite Aid Corporation (collectively "Rite Aid") previously moved to seal a number of exhibits to their briefing regarding whether the arbitration award at issue in this action should be confirmed or vacated/modified. (DNs 3, 39, 42, 48.) Specifically, Humana moved to seal and/or redact Exhibits A, C, and D to its Petition to Confirm Arbitration Award[1] and Exhibits A-E to its Reply in Support of its Petition and Response to Rite Aid's Counter-Motion for Vacatur or Modification.[2] (DNs 3, 42.) Rite Aid moved to seal Exhibits 1, 2, 4-6, and 9-30 to and portions of its Response and Counter-Motion for Vacatur or Modification,[3] as well as Exhibit F to Humana's Reply in

---

[1] DN 4 (unredacted Exhibit A); DN 1-1 (proposed redactions to Exhibit A); DN 4-1 (unredacted Exhibit C); DN 4-2 (unredacted Exhibit D).

[2] DN 43 (unredacted Exhibit A); DN 43-1 (unredacted Exhibit B); DN 43-2 (unredacted Exhibit C); DN 43-3 (unredacted Exhibit D); DN 43-4 (unredacted Exhibit E).

[3] DN 40 (unredacted Response and Counter-Motion); DN 38 (proposed redactions to Response and Counter-Motion); DN 40-1 (unredacted Exhibit 1); DN 38 (proposed redactions to Exhibit 1); DN 40-2 (unredacted Exhibit 2); DN 38-2 (proposed redactions to Exhibit 2); DN 40-3 (unredacted Exhibit 4); DN 40-4 (unredacted Exhibit 5); DN 40-5 (unredacted Exhibit 6); DN 40-6 (unredacted Exhibit 9); DN 40-7 (unredacted Exhibit 10); DN 40-8 (unredacted Exhibit 11); DN 40-9 (unredacted Exhibit 12); DN 40-10 (unredacted Exhibit 13); DN 40-11 (unredacted Exhibit 14); DN 40-12 (unredacted Exhibit 15); DN 40-13 (unredacted Exhibit 16); DN 40-14 (unredacted Exhibit 17); DN 38-17 (proposed redactions to Exhibit 17); DN 40-15 (unredacted Exhibit 18); DN 38-18 (proposed redactions to Exhibit 18); DN 40-16 (unredacted Exhibit 19); DN 38-19 (proposed redactions to Exhibit 19); DN 40-17 (unredacted Exhibit 20); DN 38-20 (proposed redactions to Exhibit 20); DN 40-18 (unredacted Exhibit 21); DN 38-21 (proposed redactions to Exhibit 21); DN 40-19 (unredacted Exhibit 22); DN 38-22 (proposed redactions to Exhibit 22); DN 40-20 (unredacted Exhibit 23); DN 38-23 (proposed redactions to Exhibit 23); DN 40-21 (unredacted Exhibit 24); DN 40-

Support of its Petition and Response to Rite Aid's Counter-Motion for Vacatur or Modification.[4] On February 14, 2023, the Court denied without prejudice all four motions to seal because the Parties' briefing was insufficient to allow the Court to do the necessary analysis. (DN 54.) The Court provided an overview of the relevant standards to be applied, rejected some of the Parties' general arguments, and directed the Parties to file new motions to seal addressing those standards on or before March 13, 2023. (*Id.*) In doing so, the Court stated that it would keep all proffered sealed documents provisionally under seal until the Parties filed their new motions but cautioned that if no new motions were filed, the documents would be unsealed. (*Id.*) Only Rite Aid filed a renewed motion to seal seeking to file under seal a narrower category of information and documents than it previously sought to file under seal. (DN 57.) Specifically, Rite Aid maintained its request to redact certain information in Exhibits 20, 22-24, 26, and 30 to its Response and Counter-Motion for Vacatur or Modification. (*Id.*) Humana neither filed renewed motions to seal nor a response to Rite Aid's motion. Therefore, Rite Aid's renewed motion (DN 57) is ripe for review. As warned in the Court's February 14, 2023, Order (DN 54), the Court will direct the Clerk below to unseal all proffered sealed documents tendered with the Parties' original motions to seal as to which no new motions to seal were filed. The Court will now address Rite Aid's renewed motion.

## I. LEGAL STANDARD

As set forth in the Court's February 14, 2023, Order (DN 54), it is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). The party seeking

---

22 (unredacted Exhibit 25); DN 40-23 (unredacted Exhibit 26); DN 40-24 (unredacted Exhibit 27); DN 40-25 (unredacted Exhibit 28); DN 40-26 (unredacted Exhibit 29); DN 40-27 (unredacted Exhibit 30).
[4] DN 41-1 (unredacted Exhibit F).

to seal the records bears the heavy burden of overcoming the presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored. *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 593-94 (6th Cir. 2016). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a motion to seal, the Court is required to make "specific findings and conclusions 'which justify nondisclosure to the public.' " *Rudd,* 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176). " '[A] court's failure to set forth those reasons . . .' is itself sufficient grounds to vacate the seal." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

Further, a confidentiality agreement or protective order entered into as part of arbitration proceedings does not automatically justify sealing documents in subsequent litigation. *See Bloom Energy Corp. v. Badger*, No. 21-CV-02154-PJH, 2021 WL 4079208, at *12 (N.D. Cal. Sept. 8, 2021) ("The fact that the parties privately bargained to keep a proceeding confidential does not nullify the requirement that a party proffer a qualifying reason to justify sealing that document ***when put at issue in a public forum***. If the court accepted petitioner's position that the mere existence of such a 'bargain' (and whatever its unspecified 'benefits' to petitioner) provides the necessary justification, then the parties in any litigation could circumvent the right of public access through private agreement. That outcome is untenable." (emphasis in original)); *Benchmark Elecs.,*

3

*Inc. v. Myers*, No. GJH-19-242, 2020 WL 4784771, at *4 (D. Md. Aug. 17, 2020) ("As the Court has already explained, however, 'the mere existence of the confidentiality clause is not a sufficient reason to seal any documents in the record.' "); *Martis v. Dish Network*, No. 1:13-CV-1106, 2013 WL 6002208, at *2 (W.D. Mich. Nov. 12, 2013) ("Once the parties resort to the courts, however, their confidentiality agreement does not, and cannot, authorize the sealing of a presumptively public federal court record. The parties are privileged to arbitrate in secret, but they must litigate in public."); *Trustees of New York State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors LLC*, No. 21-CV-8330 (LAK), 2021 WL 5873250, at *2 (S.D.N.Y. Nov. 10, 2021) ("Confidentiality agreements are not an adequate basis for sealing."); *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12 CIV. 3274 JPO, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) (quoting in part *Alexandria Real Est. Equities, Inc. v. Fair*, No. 11 CIV. 3694 LTS, 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011)) ("Courts in this District have held that 'the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access[ ]' and have consistently refused to seal the record of a petition to confirm an arbitration award, notwithstanding the existence of such an agreement."). This position is consistent with the general law regarding sealing in this Circuit, which holds that the Court's obligation to keep records open is not conditioned on an objection from any party or nonparty. *See Rudd*, 834 F.3d at 595 (quoting *Shane Grp.*, 825 F.3d at 307, and *In re Knoxville*, 723 F.2d at 475)) ("The 'court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.' Rather, the court has an independent 'obligation to consider the rights of the public.' This is true 'even if neither party objects to the motion to seal.' "). Thus, Parties cannot simply "agree" to file a document under seal (or that a document is entitled to protection) without making the showing described above.

4

The Court incorporates the remainder of the legal analysis in its February 14, 2023, Order (DN 54) as if set forth fully herein. The Court will now proceed to address Rite Aid's Renewed Motion to Seal.

## II.  RITE AID'S RENEWED MOTION TO SEAL (DN 57)

Rite Aid renewed its request to file redacted versions of Exhibits 20, 22-24, 26, and 30 to its Response and Counter-Motion for Vacatur or Modification and to keep unredacted versions of these exhibits under seal. (DN 57.) It claimed that these exhibits contained "[t]ransaction-specific data that is protected health information ("PHI")"; quotes from a confidential arbitration award that it is sealed in its entirety by the United States District Court for the District of Columbia; and trade secret transactional data. (*Id.* at PageID # 9734-35.) It filed additional unredacted versions of the exhibits at issue (DNs 58, 58-1, 58-2, 58-3, 58-4, 58-5) and new proposed redacted versions of those exhibits (DNs 57-1, 57-2, 57-3, 57-4, 57-5, 57-6) along with its renewed motion; it requested that the Court keep the unredacted versions permanently under seal and replace the previously tendered redacted versions of these exhibits with the newly proffered redacted versions. (DN 57, at PageID # 9735 n.1, 9746.) The Court will now consider Rite Aid's request as to each category of proposed redactions.

### A.  PHI in Exhibits 24 and 30

Rite Aid requested that the Court permit it to redact certain PHI contained in Exhibits 24 and 30. (DN 57, at PageID # 9735-42.) In support, it stated that federal law prohibits disclosure of PHI, citing 45 C.F.R. § 164.502(a), and that courts regularly seal the same, citing *Fausz v. NPAS, Inc.*, No. 3:15-CV-00145-CRS-DW, 2017 WL 956597, at *3 (W.D. Ky. Mar. 10, 2017). (*Id.*) Federal law does not permit a "covered entity" to use or disclose PHI except as provided in 45 C.F.R. §§ 164.500-164.534 or in certain compliance investigations pursuant to 45 C.F.R. §§

160.300-160.316. 45 C.F.R. §§ 160.300-160.316, 164.500-164.534 (2022). PHI is defined in part as "individually identifiable health information," which is itself defined as:

> Individually identifiable health information is information that is a subset of health information, including demographic information collected from an individual, and:
> (1) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
> (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and
> (i) That identifies the individual; or
> (ii) With respect to which there is a reasonable basis to believe the information can be used to identify the individual.

45 C.F.R. § 160.103. Though Rite Aid's motion did not emphasize the second portion of the definition regarding identifying or being able to identify the individual at issue, the Court finds this the pivotal portion of the definition for the purposes of the Court's analysis.

Rite Aid provided a table supporting each of its proposed redactions. (DN 57, at PageID # 9736-42.) Having reviewed the proposed redactions, the Court finds that the proposed redactions do contain information regarding medication dispensed to individuals that could be utilized to identify non-parties to this case. Given the preference under federal law for the protection of such information as expressed by the above cited authorities but without analysis of whether the cited authorities *require* sealing in this context, the Court finds protecting the privacy interests of third-parties a compelling reason outweighing the public's right of access to allow the very narrow redactions proposed by Rite Aid to Exhibits 24 and 30. Thus, Rite Aid's motion to seal will be granted as to its request to redact certain information from Exhibits 24 and 30.[5]

---

[5] The Court notes that one page in Exhibit 30 was entirely redacted in both the proposed redacted version and the allegedly unredacted versions provided to the Court. (DN 40-27, at p. 22; DN 57-6, at p. 22; DN 58-5, at p. 22.) The Court is referencing the internal page numbers of the documents in its citation because the PageID#s of the document do not appear to be visible given the size of the pages in the document. The Court will direct Rite Aid to submit a fully unredacted copy of Exhibit 30 by the deadline set forth below, which shall be kept under seal pursuant to the instant order.

### B.      Quotes from Sealed Arbitration Award in Exhibits 20, 22, and 23

Rite Aid requested that the Court permit redactions to portions of its Exhibits 20, 22, and 23 because the redacted portions quote from an interim arbitration award between Humana and a non-party that was sealed by the District Court for the District of Columbia. (DN 57, at PageID # 9742-43.) In support, it cited to *Gomez v. Shinn*, No. CV-21-01529-PHX-MTL, 2022 WL 4535415 (D. Ariz. Sept. 27, 2022), for the proposition that "[c]ourts regularly seal documents or portions of documents as a matter of comity when another court has sealed the same underlying document." (DN 57, at PageID # 9742.) The Court finds *Gomez* distinguishable from the instant case. First, an opinion by the United States District Court for the District of Arizona is non-binding on this Court. Second, the Court's rationale in *Gomez* related to documents sealed by a state court in a habeas action. This is neither a habeas action nor one where the seal at issue is related to state court records. Furthermore, the order entered by the United States District Court for the District of Columbia does not explain why the interim arbitration award was sealed. DN 7, *Walgreen Co. v. Humana Health Plan, Inc. et al.*, No. 1:22-cv-307-ACR (D.D.C. filed Feb. 9, 2022). The motion to seal filed in that action is itself sealed so the Court cannot use that to assess the potential basis for the ruling. While this Court intends no criticism of its sister court's decision, the absence of any explanation for the ruling in *Walgreen Co.* and the unavailability of the briefing that led to it leave this Court with no basis to assess whether the reasons for a seal in the District of Columbia were consistent with the Sixth Circuit law set forth above. For example, the Court cannot assess whether the Parties in that case made the same argument rejected by this Court that the privacy interests governing arbitration justify a seal. Binding Sixth Circuit law requires this Court to set forth reasons supporting a seal, and the absence of the same is grounds to vacate the seal. *Rudd*, 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176 and *Shane Grp.*, 825 F.3d at 306).

The Court finds the mere existence of a sealing order in the separate action insufficient to justify a seal in this case. Thus, the Court finds that Rite Aid has failed to demonstrate a compelling reason justifying a seal, and its motion will be denied as to its request to redact portions of Exhibits 20, 22, and 23.

### C.   Trade Secret Information in Exhibit 26

Finally, Rite Aid requested that the Court permit redactions to its Exhibit 26 on grounds that the redacted information constituted trade secrets. (DN 57, at PageID # 9743-46.) In support, Rite Aid argued that the redacted information was "historical transaction data" that if revealed could be used by its competitors to Rite Aid's disadvantage. It represented that it keeps the data it seeks to redact "strictly confidential" and that while its general revenue figures may be publicly accessible, the type of transaction-level data by contracting insurer/program at issue in Exhibit 26 is not publicly available.

Showing that information is a trade secret is one recognized exception that typically overcomes the presumption of public access to court records. *Brown & Williamson*, 710 F.2d at 1179. "A trade secret is any information that can be used in the operation of a business or other enterprise and that is sufficiently valuable and secret to afford an actual or potential economic advantage over others." *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, 53 F.4th 368, 380 (6th Cir. 2022) (quoting Restatement (Third) of Unlawful Competition § 39 (Am. L. Inst. 1995)). *See also Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *1 (W.D. Ky. June 26, 2018) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) ("Examples of injuries sufficient to justify a sealing of judicial records include those that could be used as 'sources of business information that might harm a litigant's competitive standing.' "). To demonstrate that information is a trade secret, litigants may

demonstrate that the information "(1) derive[s] economic value from the fact that it is not known to others who could make use of it, and (2) [is] the subject of efforts that are reasonable under the circumstances to maintain its secrecy.*" Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 410 (6th Cir. 2006), *abrogated on other grounds as recognized by A.K. ex rel. Kocher v. Durham Sch. Servs., L.P.*, 969 F.3d 625, 629-30 (6th Cir. 2020).

"[E]ven if a trade secret does not exist, a court may still find a compelling reason exists" to seal certain kinds of purportedly sensitive business information. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). The Sixth Circuit has addressed when protecting a litigant's sensitive business information justifies sealing documents filed in the record. In *Brown*, the court found that documents containing information gathered by a regulatory agency during its investigation of five tobacco companies had been improperly sealed by the district court. *Brown & Williamson*, 710 F.2d at 1180-81. The court acknowledged "the natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public." *Id.* at 1180. Nonetheless, the court found that protecting such information "cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." *Id.* The court therefore instructed that "a court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records." *Id.* In *Shane Grp.*, the court found that documents filed in a class action suit alleging price-fixing by a health insurer were improperly sealed by the district court. *Shane Grp.*, 825 F.3d at 308. The court found that the insurer's concern about public access to "competitively-sensitive financial and negotiating information" contained in the documents was inadequate to justify sealing. *Id.* at 301-08. In doing so, the court emphasized that such information did not fall into the three categories of information that are typically sufficient to overcome the presumption of public access. *Id.* at

9

308. For example, the court found that the information at issue was "not entitled to protection as a legitimate trade secret." *Id.* The Court also found that to the extent the information contained third party hospitals' financial and negotiating information, there was still no compelling reason to seal the exhibits because "there is no statutory or regulatory privilege that protects their information from disclosure, and the particulars of years-ago negotiations are unlikely to amount to a trade secret." *Id.* As *Brown* and *Shane Grp.* make clear, business information is not entitled to any special protection, and a party who wishes to seal such information bears the burden of "showing that 'disclosure will work a clearly defined and serious injury.' " *Id.* (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).

Here, the Court finds that Rite Aid has met its burden to show such an injury. In particular, Rite Aid has demonstrated that it takes steps to keep the data it seeks to redact confidential and that disclosure of the data could be used by its competitors to harm Rite Aid's standing in the marketplace. *See, e.g.*, *United States ex rel. Scott v. Humana, Inc.*, No. 3:18-CV-61-GNS-CHL, 2019 WL 5964564, at *4 (W.D. Ky. Nov. 13, 2019). In other words, the information at issue is either itself a trade secret or sufficiently analogous to one to justify its protection. Therefore, Rite Aid has demonstrated a compelling reason justifying a seal that outweighs the public's right of access. Having reviewed the same, the Court also finds that its proposed redactions are narrowly-tailored to protecting just the trade secret information at issue. Therefore, Rite Aid's motion will be granted as to its request to redact portions of Exhibit 26.

**III.   ORDER**

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1)  Because no renewed motion to seal was filed as to these documents, the Clerk is directed to **PERMANENTLY UNSEAL** DNs 4, 4-1, 4-2, 40, 40-1, 40-2, 40-3, 40-4, 40-5, 40-6, 40-7, 40-8, 40-9, 40-10, 40-11, 40-12, 40-13, 40-14, 40-15, 40-16, 40-18, 40-22, 40-24, 40-25, 40-26, 41-1, 43, 43-1, 43-2, 43-3, and 43-4.

(2)  Rite Aid's Renewed Motion to Seal (DN 57) is **GRANTED IN PART** and **DENIED IN PART** as set forth below:

   (a)  Rite Aid's request to redact portions of Exhibits 24 and 30 is **GRANTED**. The Clerk shall keep DNs 40-21, 40-27, 58-3, and 58-5 **PERMANENTLY UNDER SEAL**.  The Clerk shall replace DN 38-24 with DN 57-4 and DN 38-30 with DN 57-6.

   (b)  On or before **July 31, 2023**, Rite Aid shall file a fully unredacted version of Exhibit 30 that shall be kept **PERMANENTLY UNDER SEAL** for the reasons stated herein.

   (c)  Rite Aid's request to redact portions of Exhibits 20, 22, and 23 is **DENIED**. The Clerk is directed to **PERMANENTLY UNSEAL** DNs 40-17, 40-19, 40-20, 58, 58-1, and 58-2.


(d) Rite Aid's request to redact portions of Exhibit 26 is **GRANTED**. The Clerk shall keep DN 40-23 and DN 58-4 **PERMANENTLY UNDER SEAL**. The Clerk shall replace DN 38-36 with DN 57-5.

Colin H Lindsay, Magistrate Judge
United States District Court

July 10, 2023

cc: Counsel of Record